

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

CNR:LAB

January 6, 2023

By ECF and Email

The Honorable Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Christopher Moscinski
              Criminal Docket No. 22-485 (SLT)

Dear Judge Tiscione:

Trial in the above-captioned matter is scheduled to begin on January 23, 2023, on a one count Information, which charges the defendant for interfering with the operations of the Planned Parenthood located in Hempstead, New York ("Planned Parenthood") on July 7, 2022. Planned Parenthood is an organization that provides reproductive health services. The government moves in limine to admit evidence of the defendant's prior acts where he interfered with patients obtaining reproductive health services and health care facilities from providing such services as part of its case at trial because evidence of the defendant's prior acts is highly probative of the charged conduct. Such evidence supports a logical inference that the defendant intentionally and knowingly sought to interfere with Planned Parenthood's operations on July 7, 2022. As detailed herein, the government respectfully submits that the defendant's prior acts are admissible under Federal Rule of Evidence 404(b).

I.    Summary of the Charged Conduct

The defendant is charged with one count of violating 18 U.S.C. § 248, the Freedom of Access To Clinic Entrances Act, colloquially known as the FACE Act. The government anticipates that the evidence at trial will show that on July 7, 2022, at approximately 6:22 a.m., the defendant fastened several padlocks, some of which had glue poured into them, and bicycle locks to the gated entrance of Planned Parenthood located in Hempstead, New York, rendering the entrance impassable and preventing Planned Parenthood employees from opening the clinic when they arrived. Employees of a local tire shop as well as police and fire department personnel responded to help remove the locks. In response, the defendant, wearing a priest's robe, laid down in front of the gates, to create a physical obstruction so that cars could not enter the gates after the locks had been removed. He was subsequently arrested and carried away from the gates after an attempt to resist arrest by causing his body to go limp.

II. Summary of Proposed Fed. R. Evid. 404(b) Evidence

The government intends to prove at trial[1]:

1) On or about September 15, 2017, to protest, the defendant entered a health care facility located in Alexandria, Virginia that provided reproductive health care services. He had to be carried out of the location by law enforcement because he refused to leave when asked.

2) On or about May 26, 2018, to protest, the defendant entered a health care facility located in Washington, D.C. that provided reproductive health care services. He refused to leave when asked and kneeled and prayed in response. He also resisted arrest by passively lying on the floor.

3) On or about July 24, 2018, to protest, the defendant entered a health care facility in Washington, D.C. that provided reproductive health care services. He refused to leave when asked.

4) On or about March 19, 2019, to protest, the defendant entered a health care facility in Washington, D.C. that provided reproductive health care services. He refused to leave when asked.

5) On or about May 14, 2020, to protest, the defendant entered a health care facility located in Washington, D.C. that provided reproductive health care services. He refused to leave when asked.

6) On or about April 24, 2021, to protest, the defendant entered a health care facility in Manhasset, New York that provided reproductive health care services. During the incident, he was wearing a priest's robe and handing out red roses. He refused to leave when asked and kneeled in response. Law enforcement had to physically remove the defendant.

7) On or about June 4, 2021, to protest, the defendant entered a health care facility in Cuyahoga Falls, Ohio that provided reproductive health care services. The defendant and others caused a disturbance by calling staff members of the clinic "murderers" and having unsolicited conversation with patients. He refused to leave when asked and laid on the ground in response.

8) On or about August 27, 2021, to protest, the defendant entered a health care facility in Westchester, Pennsylvania that provided reproductive

---

[1] The government intends to offer at trial a recorded video interview of the defendant in which he makes admissions about the criminal conduct charged in the Information. In the event the video exhibit is admitted at trial, the government may decide not to call witnesses to establish the foregoing 404(b) evidence as further evidence of the defendant's intent.

health care services. During the incident, he was wearing a priest's robe and was carrying a rose and pamphlet. He refused to leave when asked. Law enforcement carried the defendant out of the facility.

9) On or about November 27, 2021, to protest, the defendant entered a health care facility in White Plains, New York that provided reproductive health care services. He refused to leave when asked.

10) On about January 30, 2021, to protest, the defendant entered a health care facility located in Silver Spring, Maryland that provided reproductive health care services. At the time of the incident, he was wearing a priest's robe and refused to leave when asked. He passively resisted arrest and a wheelchair was used to remove him from the facility.

11) On or about April 23, 3022, to protest, the defendant obstructed access to the entrance of a health care facility in Southfield, Michigan that provided reproductive health care services. He refused to leave when asked. He passively resisted arrest and a wheelchair was used to remove him from the facility.

III. The Court Should Permit the Government to Admit the Defendant's Prior Acts Under Fed. R. Evid. 404(b)

A. Legal Standard

Federal Rule of Evidence 404(b) provides in relevant part:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character. . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).

The Second Circuit has adopted "an inclusionary approach" to evaluating Rule 404(b) evidence, which allows such evidence to be received at trial "for any purpose other than to show a defendant's criminal propensity." United States v. Garcia, 291 F.3d 127, 136 (2d Cir. 2002) (quoting United States v. Pitre, 960 F.2d 1112, 1118 (2d Cir. 1992)). Evidence of a defendant's "other crimes, wrongs, or acts" is admissible when offered for any purpose other than the defendant's criminal propensity. See, e.g., United States v. Germosen, 139 F.3d 120, 127 (2d Cir. 1998); United States v. Levy, 731 F.2d 997, 1002 (2d Cir. 1984). Rule 404(b) itself contains a non-exhaustive list of proper purposes for which "other act or crime" evidence may be

admitted, including "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Fed. R. Evid. 404(b); see also Levy, 731 F.2d at 1002. Although the government must explain "the purposes for which the evidence is sought to be admitted," the Second Circuit has emphasized that Rule 404(b) is a rule of broad reach and liberal application. Levy, 731 F.2d at 1002 ("We have adopted the inclusionary or positive approach to [Rule 404(b)]; as long as the evidence is not offered to prove propensity, it is admissible.").

A party must satisfy three requirements in order for evidence of "other crimes, wrongs or acts" to be admitted under the rule. First, the evidence must be offered for a purpose other than to prove the defendant's bad character or criminal propensity. See United States v. Mickens, 926 F.2d 1323, 1328 (2d Cir. 1991) (citing United States v. Colon, 880 F.2d 650, 656 (2d Cir. 1989)). Second, the evidence must be relevant under Rules 401 and 402 and more probative than prejudicial in accordance with Rule 403. See Mickens, 926 F.2d at 1328 (citing United States v. Ortiz, 857 F.2d 900, 903 (2d Cir. 1988)); Levy, 731 F.2d at 1002. To be relevant, evidence need only tend to prove the government's case, and evidence that adds context and dimension to the government's proof of the charges can have that tendency." United States v. Gonzalez, 110 F.3d 936, 941 (2d Cir. 1997). Accordingly, "[r]elevant evidence is not confined to that which directly establishes an element of the crime." Id.; see also Fed. R. Evid. 401, 402. Indeed, as the Supreme Court has recognized in analyzing the admissibility of evidence, the trial court should make its determinations "with an appreciation of the offering party's need for evidentiary richness and narrative integrity in presenting a case." Old Chief v. United States, 519 U.S. 172, 183 (1997). Third, if the defendant requests an instruction as to the limited purpose for which the government's evidence is admitted, the court must furnish such an instruction. See Mickens, 926 F.2d at 1328-29; Levy, 731 F.2d at 1002.

B. Evidence of the Defendant Interfering with Other Health Care Facilities is Admissible as Fed. R. Evid. 404(b) Evidence

The Court should permit the government to introduce the evidence proffered above pursuant to Fed. R. Evid. 404(b). Among other things, the evidence at issue is intended to explain the defendant's "intent" and "motive" in attempting to interfere with Planned Parenthood's operations when he put locks on the gates to the entrance of the facility and then physically blocked the entrance with his body. See Fed. R. Evid. 404(b). The defendant has on numerous occasions attempted to and interfered with the operations of other health care facilities providing reproductive health care services. The evidence also shows "knowledge" and "absence of mistake or accident" which would serve to disprove any inference that the defendant did not intend to interfere with Planned Parenthood or was unaware that the location was a health care facility that provided reproductive health services. Thus, evidence of the defendant's prior acts of interfering with health care facilities providing reproductive health services is admissible pursuant to Fed. R. Evid. 404(b).

The government intends to introduce the defendant's prior acts for non-propensity purposes. In particular, this evidence is useful to show that the defendant's intent and motive during the crime in question was to interfere with Planned Parenthood from providing reproductive health care services and from patients from obtaining such services. Specifically, this evidence will show that the defendant intentionally interfered with Planned Parenthood

4

because it is in the business of providing reproductive health services and because patients go there to receive such services. Since the government's burden of proof requires establishing that the defendant had the intent to interfere with a business providing reproductive health services or person obtaining such services, evidence that the defendant previously interfered with patients and health care facilities providing reproductive health services is permissible under Fed. R. Evid. 404(b). Moreover, in addition to demonstrating intent and motive, the evidence will demonstrate knowledge and an absence of mistake. The fact that the defendant on numerous occasions interfered with health facilities providing reproductive health care services establishes that the defendant was fully aware of what he was doing on July 7, 2022, when he attempted to and interfered with Planned Parenthood's operations.

This evidence is undoubtedly relevant due to the similar nature of the charged conduct and his prior acts making it highly probative of his knowledge and intent. United States v. Cadet, 664 F.3d 27, 32-33 (2d Cir. 2011) (finding that evidence of other acts "need not be identical to the charged conduct to show knowledge or intent pursuant to Rule 404(b), so long as the evidence is relevant in that it provides a reasonable basis for inferring knowledge or intent."). The evidence at issue in this motion is highly probative of the charged conduct because it sheds light on the defendant's intent when he placed locks on the gates of Planned Parenthood and then physically attempted to block the entrance with his body. Likewise, the evidence is probative of the inference that the defendant's conduct was not unknowing or accidental, but rather deliberate and calculated to facilitate interfering with the operations of Planned Parenthood.

The government submits that the probative value of this evidence substantially outweighs any prejudice under Fed. R. Evid. 403. The evidence proffered is not unfairly prejudicial. See Fed. R. Evid. 403. Evidence that tends to establish the defendant's state of mind at the time he committed the charged conduct is highly probative of the fact that he intended to interfere with the operations of Planned Parenthood. This evidence is not offered to show criminal propensity, the evidence is offered for the permissible purpose of establishing an element of the crime through evidence of the defendant's intent, motive, preparation, plan, knowledge, and absence of mistake. See New York ex rel. Spitzer v. Cain, 418 F. Supp. 2d 457, 461 (S.D.N.Y. 2006) (permitting evidence of prior unlawful protests in a FACE Act case where the evidence established intent, motive, and the absence of mistake or accident.)

The prejudice arising from the introduction of such evidence is minimal, given that the other acts do "not involve conduct any more sensational or disturbing" than the offenses charged. Pitre, 960 F.2d at 120; see also United States v. Williams, 205 F.3d 23, 33-34 (2d Cir. 2000) ("Moreover, we find no undue prejudice under Rule 403; the evidence did not involve conduct more serious than the charged crime").

Further because this case will be a bench trial and Your Honor will know the purpose for which the evidence is being admitted, there is a reduced risk that improper inferences, such as the defendant's propensity to commit the crime, will be drawn from the admission of the proposed 404(b) evidence. United States v. Duran-Colon, 252 F. App'x 420, 422-23 (2d Cir. 2007) (finding that the admission of 404(b) evidence was not an abuse of discretion in a bench trial because the court knew the purpose for which the evidence was being

5

admitted and the proper inferences to be drawn from it).  Accordingly, Rule 403 poses no bar to the admission of the proposed evidence and it should be admitted.

    IV.    <u>Conclusion</u>

        For the reasons set forth herein, the Court should grant the government's motion.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    <u>/s/ Lauren A. Bowman</u>
        Lauren A. Bowman
        Assistant U.S. Attorney
        (718) 254-6047

cc: Clerk of the Court (SLT) (by ECF and Email)
    Dennis J. Ring (by ECF and Email)