```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,                    :
                                             :       Case No. 22-485 (SLT)
                                             :
            - against -                      :
                                             :       SENTENCING MEMORANDUM
                                             :       OF CHRISTOPHER MOSCINSKI
                                             :
CHRISTOPHER MOSCINSKI,                       :
                                             :
                        Defendant.           :
-------------------------------------------------------------X
```

## INTRODUCTION

Defendant, Christopher Moscinski, by and through his attorney submits this Sentencing Memorandum setting forth factors we ask the Court to consider in determining a sentence that is sufficient, but not greater than necessary, to comply with the directives set forth in 18 U.S.C. § 3553(a). Based upon the defendant's lifetime of service to the poor and lack of any personal benefit from the offense of conviction, we submit that a sentence of time served is warranted in this case. Such a sentence will "promote respect for the law" as directed by 18 U.S.C. § 3553 (a)(2)(A).

The defendant, Christopher Moscinski, also known by his religious name of Father Fidelis Moscinski, is a Franciscan Friar of the Renewal. The Franciscan Friars of the Renewal are a Catholic religious order whose primary mission is to love and serve the poor, most especially the destitute and homeless. Like all Franciscan Friars of the Renewal, upon joining the order in 1992 Father Moscinski took a vow of poverty and dedicated his life to serving the poor. For the past 30 years he has remained faithful to his vow and dedication – he has lived a life of financial austerity and service to the marginalized in society. Through his life of service over the past 30 years Father Moscinski has helped countless people in need.

It is respectfully submitted that Father Moscinski's lifetime of service greatly outweighs

1

the crime of which he has been convicted. Moreover, a custodial sentence would prevent him from continuing to serve those in need of assistance. Thus a sentence of time served is warranted in this case.

## OFFENSE CONDUCT

Father Moscinski was arrested after he placed locks on the gates of a Hempstead Long Island Planned Parenthood Facility on July 7, 2022. After placing the locks on the gates he later stood in front of them in prayerful protest until he was arrested a few minutes later. As a result of his actions, the Planned Parenthood facility was closed for less than fifteen minutes. Notably, not one appointment at the Planned Parenthood was cancelled as result of his actions.

Father Moscinski expected to be arrested on July 7, 2022. He placed the locks on the gates of the Planned Parenthood facility as a form of peaceful, non-violent protest to the abortions that occur inside the facility. Guided by his Catholic faith, Father Moscinski's firm conviction is that an abortion is the murder of an innocent and precious human life. One may disagree with his view of abortion, but there can be no doubt about the sincerity of his beliefs. As such he has felt compelled to engage in acts of conscientious objection to what he believes is the state sanctioned killing of unborn children.

Due to Father Moscinki's conviction that an abortion is the killing of an unborn baby, he believes that acts of peaceful protest are justified. Thus, a guilty plea was never an option as that would require him to lie to the Court and admit to committing a crime when he does not believe he has. But respectful of the Court's time, Father Moscinski agreed to stipulate to the testimony of the vast majority of witnesses the Government planned to have testify. As a result, what could have been a week-long trial instead took less than a day. His willingness to significantly shorten the trial is in no way an admission of guilt. But it ought to be factored into an appropriate sentence in this case.

## THE SENTENCING FACTORS IN 18 U.S.C. § 3553(a)

Title 18 U.S.C. § 3553 sets forth the factors courts must consider in imposing sentence. The first factor is "a broad command to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" Gall v. United States, 552 U.S. 38, 49–50 & n.6 (2007); see also United States v. Perez-Frias, 636 F.3d 39, 43 (2d Cir. 2011). The second factor requires consideration of the "general purposes of sentencing," that is, imposition of a sentence reflecting the seriousness of the offense, promoting respect for the law, and providing "just punishment" as well as specific and general deterrence. See United States v. Carr, 557 F.3d 93, 108 (2d Cir. 2009). The district court must also consider the sentencing range established by the Guidelines,[1] as well as "any pertinent policy statement" issued by the Sentencing Commission [§ 3553(a)(4), (5)], and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" [§ 3553(a)(6)]. Ultimately, "the court shall impose a sentence sufficient, but not greater than necessary, to comply with [these purposes]." 18 U.S.C. § 3553(a). Applying the 18 U.S.C. § 3553 factors to the nature of the charged offense and Father Moscinski's background, strongly supports a time served sentence.

Father Moscinski was born and raised in New Jersey and grew up in a supportive nuclear family. Soon after graduating from Rutgers University in 1992 he joined the Franciscan Friars of the Renewal. PSR ¶ ¶ 50-52. Attached as Exhibit A is a letter from Reverend John Anthony Boughton, which details the life of service Father Moscinski has lived for the last 30 years. He has been the director of homeless shelters in the South Bronx, the Saint Padre Pio Shelter and the Saint Anthony's Shelter for Renewal. The Saint Anthony's Shelter for Renewal is open to

---

[1] The U.S. Sentencing Guidelines do not apply to this case as the offense of conviction is a Class B Misdemeanor. USSG § 1B1.9

3

homeless men of all faiths, providing them with individual rooms and meals for up to six months.  The goals of the shelter are set forth on their website (www.stanthonyshelter.org):

> We seek to empower men to recover from substance abuse issues and other personal crises through a small, structured, communal environment with individual attention and a focus on personal responsibility. We provide men with more than just a bed – we offer them the guidance they need to rebuild their life.

Through his work at the shelters Father Moscinski has helped hundreds of homeless men get their lives back on track.

Father Moscinski is also the Chair of the Board of the Good Counsel Homes, which provides housing, medical care and vocational support to pregnant women.  The Good Council Homes have provided housing for over 8,000 women and children.  As described on their website (www.goodcounselhomes.org):

> Good Counsel is a nationally recognized nonprofit leader and innovator in creating supportive residential care and community-based services for homeless, expectant, and new mothers and their children in the context of the Catholic social tradition. Pregnant and expectant mothers, with or without other born children, including mothers with mental health or addiction challenges, from any location, are able to receive help in a Good Counsel home.

Through his work with the Good Counsel Homes Father Moscinski has and continues to help countless homeless women and their children.

While serving the poor and needy in society over the past 30 years, Father Moscinski continued his education.  He obtained a Master of Divinity and advanced degrees in moral theology and cannon law.  This was not done for personal advancement, but rather to help him more ably perform his work of serving the poor as a Franciscan Friar.  Due to his work ethic, experience and education, his order also sent him overseas to found friaries to aid the poor, one in England and another in Ireland.  Father Boughton, in summarizing Father Moscinski's life of service, states that his "work with the poor is marked by a genuine love and respect for these

4

children of God who rarely are treated as equals."

In determining a just sentence, this Court should not only look at his actions on the morning of July 7, 2022. Rather, the Court should consider his entire life, a noble one that has been dedicated to nothing more than serving the less fortunate in society.

## CONCLUSION

For the foregoing reasons, we submit that the goals set forth in 18 U.S.C. § 3553(a) will be fulfilled in this case by a sentence of time served. Such a sentence will be sufficient, but not greater than necessary, to reflecting the seriousness of the offense, promoting respect for the law, while providing "just punishment" as well as specific and general deterrence.

DATED:      June 22, 2023

Respectfully submitted,

/s/ Dennis J. Ring
Dennis J. Ring, Esq.
*Attorney for Christopher Moscinski*
148-29 Cross Island Parkway
Whitestone, New York 11357
Telephone: (718) 357-1040
Fax: (718) 357-4926
